# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

JOSE JORGE YANEZ  
7224 Commerce Street, Apt. 204  
Springfield, Virginia 22150  

    Plaintiff,                      Civil Action No.

v.

HASHEM ABBASI  
d/b/a Dunya Banquet Hall  
5951 Stevenson Avenue  
Alexandria, Virginia 22304  

    Defendant.

## COMPLAINT

Plaintiff, Jose Jorge Yanez ("Plaintiff"), by and through his attorneys, Mary J. Craine Lombardo and Stein Sperling Bennett De Jong Driscoll PC, hereby files his Complaint against Hashem Abbasi d/b/a Dunya Banquet Hall ("Defendant"), under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), stating as follows:

## INTRODUCTION

Plaintiff worked approximately seventy-two hours per week for Defendant as a cook. He was not compensated for the overtime hours he worked each week. Indeed, he was paid an unlawful weekly salary that amounted to less than minimum wage. Defendant has willfully violated the clear and well-established minimum wage and overtime provisions of the FLSA. Plaintiff seeks compensatory and statutory damages for all unpaid overtime compensation, as well as attorneys' fees and costs.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

5018460_1

## JURISDICTION & VENUE

1. This Court has subject matter jurisdiction over the causes of action alleged in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 216.

2. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff is an adult resident of Virginia.

4. Upon information and belief, Defendant operates the Dunya Banquet Hall & Restaurant in Alexandria, Virginia, but the business does not appear to be registered in Virginia.

5. At all times material herein, Defendant, in the aggregate and as a single enterprise, had annual gross volume of sales made or business done in an amount exceeding $500,000.

6. Defendant has at least two or more employees who are engaged in interstate commerce and/or handle, sell, or otherwise work on goods or materials that have been moved or produced for commerce. Defendant also processes credit card transactions for customer payments and purchases equipment and inventory that move in interstate commerce.

7. At all times relevant, Defendant constituted an "enterprise" within the meaning of 29 U.S.C. § 203(r).

8. If there is a corporate entity, Defendant Hashem Abbasi controlled the day to day operations of the business.

9. If there is a corporate entity, Defendant Hashem Abbasi had the power to hire, fire, suspend, and discipline Plaintiff.

10. If there is a corporate entity, Defendant Hashem Abbasi supervised Plaintiff directly or indirectly.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

2

5018460_1

11.     If there is a corporate entity, Defendant Hashem Abbasi directly or indirectly set and controlled Plaintiff's work schedule or had the power to do so.

12.     If there is a corporate entity, Defendant Hashem Abbasi directly or indirectly set and determined the rate and method of Plaintiff's pay or had the power to do so.

13.     Federal courts have made clear that individual employers are liable under FLSA, if the employer met the economic reality test for "control." *Chao v. Mid-Atlantic Installation Services, Inc.*, 16 Fed Appx. 104 (2001).

14.     If there is a corporate entity, Defendant Hashem Abbasi would be considered an employer for purposes of individual liability because of his intrinsic involvement in the business

## FACTS

15.     Plaintiff was employed by Defendant as a cook starting on or about January 2, 2013 until March 3, 2016, including during the three years prior to the filing of this action (the "Employment Period").

16.     Plaintiff was paid weekly salaries starting at $450.00 per week in 2013 and increasing to $500.00 and then $600.00 per week in cash.

17.     Plaintiff worked an average of seventy-two hours per week, working six days per week, throughout the Employment Period.

18.     Plaintiff was not paid one and a half times his regular hourly rate for hours worked in excess of forty per week and Plaintiff was paid less than minimum wage.

19.     Plaintiff is owed approximately $19,967.76 in straight and overtime wages.

20.     Plaintiff is owed minimum and overtime wages that Defendant willfully failed and refused to pay to Plaintiff in violation of federal law.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

21. By statute, Defendant is required to maintain records which document the number of days Plaintiff worked.

22. The precise number of hours worked, and wages owed, should be revealed through discovery.

23. Defendant knowingly and intentionally violated Plaintiff's rights under Maryland and federal law.

## COUNT I
## (FLSA)

24. Plaintiff adopts herein by reference paragraphs 1 through 23 above as if fully set forth herein.

25. At all times relevant hereto, each Defendant was an "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

26. Defendant was engaged in "interstate commerce" within the meaning of the FLSA.

27. Plaintiff was an "employee" within the meaning of the FLSA.

28. Defendant was required to pay Plaintiff compensation at the rate of one and a half times his normal hourly wage for all hours worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a)(2).

29. Defendant was also required to pay Plaintiff at least minimum wage.

30. Throughout the Employment Period, Defendant failed to compensate Plaintiff at the rate of one and a half times the minimum hourly wage for all hours worked in excess of forty hours per week.

31. Defendant's actions complained of herein constitute a willful violation of Sections 206 and 207 of the FLSA.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

32. Defendant's violation makes him liable to Plaintiff for all unpaid wages and unpaid overtime compensation, and in addition equal amount as liquidated damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendant, jointly and severally, and in his favor in an amount to be determined at trial, but not less than $39,935.52, which is two times the total wages and overtime compensation owed, reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

Respectfully submitted,

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

By:     /s/ *Mary J. Craine Lombardo*
Mary J. Craine Lombardo (77768)
25 West Middle Lane
Rockville, Maryland 20850
(301) 340-2020
(301) 354-8126 – fax
mlombardo@steinsperling.com

*Attorneys for Plaintiff*

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020